UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ZOMBA RECORDING LLC, a Delaware
Limited Liability Company; INTERSCOPE
RECORDS, a California General Partnership;
CAPITOL RECORDS, LLC, a Delaware
Limited Liability Company; UMG
RECORDINGS, INC., a Delaware Corporation;
And ARISTA RECORDS LLC, a Delaware
Limited Liability Company,

                          Plaintiffs,

v.                                 Civ. No. 5:08cv00698 NPM/GJD

COLETTE CHEN,

                          Defendant.

_____

| APPEARANCES | OF COUNSEL |
|---|---|
| LECLAIR KORONA GIORDANO COLE LLP<br>Attorney for Plaintiffs<br>150 State Street, Suite 300<br>Rochester, New York 14614-1353 | STEVEN E. COLE, ESQ. |
| COLETTE CHEN<br>Defendant, Pro Se<br>213 Tioga Street<br>Ithaca, New York 14851 | |

**NEAL P. McCURN, Senior U.S. District Court Judge**

**MEMORANDUM - DECISION AND ORDER**

This is a civil action seeking damages and injunctive relief for copyright infringement pursuant to the copyright laws of the United States, codified at 17 U.S.C. § 101 et seq. Plaintiffs filed their complaint against defendant Colette Chen ("defendant"), seeking statutory damages and injunctive relief against her for her alleged infringement of certain of their copyrighted sound recordings. Specifically, plaintiffs, a group of record companies, contend that they are the copyright owners or licensees of exclusive rights under United States copyright laws with respect to certain copyrighted sound recordings attached to the complaint as Exhibit A (the "Copyrighted Recordings").

This case is one of many similar cases being litigated throughout the country, in which groups of record companies have sued individuals in an attempt to combat and deter what they perceive as massive copyright infringement over the internet. These individuals are subsequently identified by Internet Protocol ("IP") addresses[1], because each device connected to the internet must have a unique IP

---

[1] "Every device connected to the public Internet is assigned a unique number known as an Internet Protocol (IP) address. IP addresses consist of four numbers separated by periods (also called a 'dotted-quad') and look something like 127.0.0.1.

Since these numbers are usually assigned to internet service providers within region-based blocks, an IP address can often be used to identify the region or country from which a computer is connecting to the Internet. An IP address can sometimes be used to show the user's general location." See http://whatismyipaddress.com (2009).

address within the internet to deliver files from one computer or network device to another. Doc. No. 1 at p. 4.

On August 20, 2007, plaintiffs identified the IP address of an individual using a file-sharing device to distribute 381 audio files over the internet. Plaintiffs allege that the defendant is the individual responsible for that particular IP address. The current action was filed on July 1, 2008. Twelve attempts were made to serve the complaint and summons on defendant between September 10, 2008 and October 12, 2008 at a residence in San Marino, California.[2] On October 27, 2008, plaintiffs petitioned this court for an extension of time of ninety days to serve process on the defendant. The extension of time was granted on October 28, 2008. On January 14, 2009, this court received notification that the summons was returned executed on the defendant. The court notes that the summons was left at the San Marino, California address with an Asian male who refused to give his name. Doc. No. 8 at p. 2. Defendant asserts that she was living in Ithaca at the time the summons was served in California, and argues that service was improper pursuant to the Rule 4(e) of the Federal Rules of Civil Procedure. Doc. No. 13 at p. 2.

---

[2] Defendant informs the court that the San Marino, California address is her father's address. Defendant resides in Ithaca, New York and attends Cornell University. Doc. No. 13 at p.2, n.1.

On February 5, 2009, plaintiffs filed a request for entry of default with this court, representing that defendant had been properly served by substitute service and had failed to appear or otherwise respond to the complaint within the time prescribed by the Federal Rules. Doc. No. 9 at p. 1.  The Clerk of the Court filed an Entry of Default the same day. Doc. No. 10.  On February 20, 2009, defendant filed a pro se appearance in this action. Doc. No. 12.  On February 25, 2009, defendant filed a motion to set aside the default, a motion for extension of time for sixty days from the date of the court's order to respond to the complaint, and a motion to stay the proceedings pending the outcome of a closely-watched case purporting to challenge the plaintiffs' claims and litigation practices, which is currently pending in the District of Massachusetts.[3]  Specifically, defendant asks this court, in the interest of justice, "to stay proceedings in this case until the Alaujain (sic) court  rules on the constitutionality of the statute under which [p]laintiffs have brought their claim, and of [p]laintiffs' litigation tactics." Doc. No. 13 at p. 3.

---

[3]   The case is Capitol Records, Inc.v. Alaujan, Civ. Action Nos. 03cv11661-NG, 07cv11446-NG, brought in the District of Massachusetts.  Record companies brought a copyright infringement action against individual computer users ("users") of peer to peer file-sharing software, who allegedly downloaded and disseminated music without paying for it. Users moved to permit audio-visual coverage of a court hearing over a secure internet connection.  The court granted the users' motion, holding that the district court would permit the online courtroom network to "narrowcast" audio and visual coverage of the pretrial hearing scheduled for January 22, 2009. 593 F.Supp.2d 319 (D.Mass. January 14, 2009).

Rule 55(c) of the Federal Rules of Civil Procedure states that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgement under Rule 60(b)." (West 2009). "There is a strong preference in the Circuit for deciding disputes on their merits." Allen v. Barnes, 2009 WL 331243 (S.D.N.Y.) (citing Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 174 (2d Cir.2001)) ("It is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits"). In addition, when a defendant is before the Court pro se, he or she must be afforded "extra leeway in meeting the procedural rules governing litigation and trial judges must make some effort to protect a party so appearing from waiving a right to be heard because of his or her lack of legal knowledge." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir.1993). "Under Rule 55(c), the principal factors bearing on the appropriateness of relieving a party of a default are whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." Barnes, 2009 WL 331243 at * 2 (citing Meehan v. Snow, 652 F.2d 274, 277 (2d Cir.1981)) "The Court may also consider relevant equitable factors, including whether failure to appear was 'a mistake made in good-faith and whether the entry of default would bring about a harsh or unfair result.'" Barnes, 2009 WL 331243 at * 2 (citing Enron Oil Corp., 10 F.3d at 96).

In the case at bar, the <u>pro se</u> defendant first argues that she was not properly served with a copy of the summons and complaint. Defendant argues that at all times relevant to this action, she was a student at Cornell University and was residing in Ithaca, New York. In their complaint, plaintiffs argue that the court has jurisdiction over the defendant because the defendant "resides in this district and/or a substantial part of the acts of infringement complained of herein occurred in this district." Doc. No. 1 at p. 1. Plaintiffs have not provided information to the court regarding how they determined that defendant resides in this district and/or a substantial part of the acts of infringement complained of herein occurred in this district, and if this assertion is accurate, why they attempted to serve the complaint and summons on defendant in the State of California. In other words, while plaintiffs aver they could identify defendant by the IP address of the alleged copyright infringer, they do not proffer evidence that clarifies for the court why they brought this action in the Northern District of New York against a defendant whose "place of abode" for purposes of service of process is San Marino, California. Defendant asserts that, to the best of her knowledge, plaintiffs never attempted to serve her at her place of residence in Ithaca. Doc. No 13 at p. 2. Defendant also argues that any file-sharing that might have occurred from her computer was "accidental and inadvertent," and she now comes before the court

requesting an opportunity to present her case. Doc. No 13 at p. 4.

The court accepts defendant's argument that the default was not willful, and finds that setting aside the default will not prejudice the plaintiffs. The court will allow defendant the opportunity to present her defense. Accordingly, applying the law set forth supra to the facts of this case, the court finds it appropriate to set aside the default entered in this action by the Clerk of the Court on February 5, 2009.

Finally, the court considers defendant's motion to stay this action pending the outcome of Capitol Records, Inc.v. Alaujan in Massachusetts District Court. Unlike many of these cases of copyright infringement, including the case at bar, where defendants often appear pro se, if they appear at all, Alaujan has attracted distinguished counsel.[4] However, the court notes that while Alaujan is a high profile case which may eventually alter the scope of litigation for copyright infringement under 17 U.S.C. § 106, the eventual outcome of the case in the district court of Massachusetts will not be binding precedent in the Second Circuit. For this reason, the court will not grant defendant's motion to stay the proceedings pending the outcome in Alaujan .

---

[4] Among others, Professor Charles Nesson of Harvard Law School and the Berkman Center for Internet and Society appears as counsel for the defendant Tenenbaum. Alaujan, 593 F.Supp.2d at 321.

For the reasons set forth above, defendant's motion to set aside the default (Doc. No. 13) is hereby GRANTED.  Defendant has sixty days from the date of this order to respond to the plaintiffs' complaint.  Defendant's motion to stay the proceedings is hereby DENIED.

SO ORDERED.

April 15, 2009

_____
Neal P. McCurn
Senior U.S. District Judge